IN THE MATTER OF THE PROBATE OF THE LAST WILL AND TESTAMENT OF EVA S. BLYMEYER, DECEASED.

*Probate of will of temporary resident.—Provisions of § 5943, R. S., when not applicable—Lost will—Declarations of testator.*

The Probate Court has jurisdiction to admit to record a copy of the last will of a person who dies while temporarily residing in this county, leaving personalty but no realty therein.

§ 5943, R. S., providing for the probate of a will within a certain time by a devisee who knows of its existence, and has the same in his power to control, under a penalty of forfeiture of his interest therein, has no application to a case in which the issue is whether the will presented for probate is the last will and testament of testator.

Declarations of a testator are admissible to rebut the presumption of the revocation or destruction of a lost will.

*Decided March 3. 1886.*

This is an application to admit to probate the last will and testament of Eva S. Blymeyer, deceased, as provided by Section 5944 of the Revised Statutes.

It appears from the testimony that Mrs. Blymeyer was an old lady who, having children living at Mansfield, Ohio, and in Cincinnati, was in the habit of visiting and staying for a short period of time with her children at Mansfield, and at times with her children in Cincinnati. In 1871, the time being fixed as of October 10th or 11th, (she was then living with her children at Mansfield) she executed a will, a copy of which is now presented. This will was

executed according to the laws of this state, and was duly attested by two witnesses. After its execution, it was given to Mr. Stevens, one of the subscribing witnesses, for safekeeping. He had it in his possession for several years, when, at the request of the testatrix, he delivered and surrendered the same to her. She died in the early part of 1883, at the house of her son, in Cincinnati; she had been for several months visiting this son before the time of her death. She left no real estate in this county, and the personal property left were her wearing apparel and about $100 in cash.

This application is resisted by a creditor of one of the heirs of the decedent, and it is maintained:—

First, that this court has no jurisdiction to admit this will to record, the decedent not being a resident, and not leaving personal property, or property in this county, which would give this court jurisdiction of the subject matter.

Second, the statute of limitations is pleaded, on the ground that this will was not presented for probate within three years, as provided by Section 5943 of the Revised Statutes.

Third, that there is no evidence that the paper writing, purporting to be her "last will and testament," was in existence subsequent to her death and not revoked by her.

*Taft, Morris & Taft* for the will.

*Paxton & Warrington* for creditors.

GOEBEL, J.

As to the first objection made, I am clearly of the opinion that this court has jurisdiction, if it finds this to be the "last will and testament" of Eva S. Blymeyer, to admit the same to record ; that the personal property left by her, although insignificant in amount, gives this court jurisdiction; and that the existence of personal property in this county, which would be subject to the payment of the debts of the decedent, is sufficient to satisfy the requirements of the statute.

As to the second objection, viz: that this will ought to have been presented within three years, as provided by Section 5943, which provides that, "no lands, tenements or hereditaments shall pass to any devisee in a will, who shall know of the existence thereof, and have the same in his power to control, for the term of three years, unless, within that time, he shall cause the same to be offered for, or admitted to, probate ; and by such neglect, the estate devised to such devisee shall descend to the heirs of the testator"—the statute is not applicable to this case. This section may be considered as a penalty, by which a devisee in a will may lose his interest by his failure to have such will admitted to record and probated. Whether, after the three years, such party shall lose his interest, which otherwise he may have had under

the will, is not a question to be determined by this court on an application to admit such will to probate. The question is not whether such party has an interest, but whether the will presented is the "last will and testament" of the deceased.

But the principal question involved in this case is, whether the paper writing, presented now to the court, is the "last will and testament" of the deceased. I find, as a matter of fact, that Mrs. Blymeyer did execute a will October 10th or 11th, 1871; and that the contents of that will were as stated in the copy now presented. By Section 5944, " The probate court shall have full power and authority to admit to probate any last will and testament which such court may be satisfied was duly executed according to the provisions of the law upon the subject in force at the time of the execution of such last will and testament, and not revoked at the death of the testator, when such original will has been lost, spoliated or destroyed subsequent to the death of such testator, or after the testator has become incapable of making a will by reason of insanity, and it cannot be produced in as full, ample and complete a manner as such court now admits to probate last wills and testaments, the originals of which are actually produced in court for probate."

The question arises : Was the will lost or destroyed subsequent to the death of said testatrix ? The evi-

dence establishes the fact that the testatrix had the will in her possession, and the same can not now be found, which raises the legal presumption that the same had been destroyed by her and is revoked. In the absence of evidence, the court will not presume that the will has been abstracted fraudulently or criminally, but the presumption of the revocation of a will when the same was in the possession of the testatrix does not arise unless there is evidence to satisfy the court that it was not in existence at the time of her death. It can hardly be questioned that Mrs. Blymeyer manifested a strong desire to make a testamentary disposition of her property, and not to die intestate. It is proved that, on the day preceding her illness, in conversation with Mrs. William H. Blymeyer, she said that she had made a will, and how comfortable and pleased she was that she was leaving whatever little she had to leave to her children; because, she said, they helped to make the money; and she further said, "I don't think they will have long to wait, because I am weaker than any of them know." True, it leaves a doubt as to whether she had reference to the will executed on October 10th and 11th, 1871; but the will that she had executed was a fair and just will to her children, and there is no proof of any expression by her of dissatisfaction with the will; and it leaves on the mind of the court the conclusion that the testatrix

continued in the same mind from the date of her will down to the time of her death. And there is nothing to show any change of intention, which was likely to lead to a revocation of the will. She was on good terms with her children, and the expression made to Mrs. Blymeyer on the day preceding her illness clearly indicates that her mind was not changed on the subject.

The will will be admitted to probate.